IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

EFRAIN HERNANDEZ ESPARZA (01)
    a/k/a "Tito"

NO. 2:19-CR-069-D (01)

## FACTUAL RESUME

In support of Efrain Hernandez Esparza's plea of guilty to the offenses in Count

Four and Count Five of the Indictment, Esparza, the defendant, Eric Coats, the

defendant's attorney, and the United States of America (the government) stipulate and

agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Four of the Indictment, charging a violation

of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that is, Convicted Felon in Possession of a

Firearm, the government must prove each of the following elements beyond a reasonable

doubt:[1]

*First.*    That the defendant knowingly possessed a firearm as charged in the indictment;

*Second.*    That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;

*Third.*    That before the defendant possessed the firearm, the defendant knew he had been convicted in a court of a crime punishable by

---

[1] Fifth Circuit Pattern Jury Instruction 2.43D (5th Cir. 2015 ed.).

**Efrain Hernandez Esparza**
**Factual Resume—Page 1**

imprisonment for a term in excess of one year; and

*Fourth.*   That the firearm possessed traveled in or affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one state to another or between any part of the United States and any other country.

To prove the offense alleged in Count Five of the Indictment, charging a violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(i), that is, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, the government must prove each of the following elements beyond a reasonable doubt:[2]

*First.*   That the defendant committed the crime of possession with intent to distribute methamphetamine; and

*Second.*   That the defendant knowingly possessed a firearm in furtherance of the defendant's commission of the crime of possession with intent to distribute methamphetamine.

## STIPULATED FACTS

1.   Efrain Hernandez Esparza, a/k/a "Tito", admits and agrees that on or about April 6, 2019, in the Amarillo Division of the Northern District of Texas, and elsewhere, he was a person who had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, that is, a felony offense, he knew he had been convicted of a felony offense, and he did knowingly possess in or affecting interstate or foreign commerce, a firearm, that is, a Kel-Tec, Sub 2000, semi-automatic rifle, serial number F5957.

---

[2]Fifth Circuit Pattern Jury Instruction 2.44 (5th Cir. 2015 ed.).

**Efrain Hernandez Esparza**
**Factual Resume—Page 2**

2.      Esparza admits and agrees that on April 6, 2019, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly possess a firearm, to wit: a Kel-Tec, Sub 2000 semi-automatic rifle, serial number F5957, in furtherance of a drug trafficking crime, that is, Possession with Intent to Distribute Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), an offense for which he may be prosecuted in a court of the United States, in violation of Title 18, United States Code, Section 924(c)(1)(A), the penalty for which is found in Title 18, United States Code, Section 924(c)(1)(A)(i).

3.      On April 6, 2019, law enforcement officers received information that Esparza was located in the area of 4th and Florida in Amarillo, Texas.  Esparza was wanted for parole violation out of the State of Texas.  DEA agents observed Esparza walking on the 300 block of North Florida. Esparza was wearing camouflage clothing and carrying a red back pack.

4.      Esparza got into a green Dodge Journey at 4th and North Georgia.  Agents and Officer attempted a traffic stop of the vehicle, and it fled at a high rate of speed. A rolling roadblock was executed and the vehicle was forced to a stop. Upon approaching the vehicle on the passenger side, officers could see Esparza attempting to get inside the red back pack. Officers opened the door in an attempt to arrest Esparza.  During the encounter with officers, a black case fell from Esparza's person. During a search of the black case, officers found a crystalline substance consistent with methamphetamine.  The methamphetamine weighed approximately 5 ounces, which is consistent with

distribution, as opposed to someone's personal use. Esparza was also in possession of packaging materials and other items that indicated he intended to sell narcotics.

5.    Esparza was arrested. A search of the red backpack revealed a Kel-Tec, Sub 2000 semi-automatic rifle, serial number F5957. During an interview, Esparza admitted to officers he had knowledge of the firearm and had touched the firearm. The firearm was in close proximity to the methamphetamine. Esparza admits that he knowingly possessed the pistol in furtherance of his commission of the crime of possession with intent to distribute methamphetamine. That is, the firearm furthered, advanced, or helped forward his possession with intent to distribute methamphetamine.

6.    Before Esparza possessed the firearm, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and he knew he had been convicted of a felony offense.

7.    The defendant agrees that the firearm was manufactured outside the state of Texas and functioned as designed. Accordingly, the firearm must have affected interstate or foreign commerce because the firearm must have traveled at some time from one state to another or between any part of the United States and any other country.

8.    The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Counts Four and Five of the Indictment.

AGREED TO AND STIPULATED on this 27ᵗʰ day of _____June_____, 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
Efrain Hernandez Esparza
Defendant

_____
Eric Coats
Attorney for Defendant

_____
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
300 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov

**Efrain Hernandez Esparza**
**Factual Resume—Page 5**