IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT  OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA     §
                             §        CRIMINAL ACTION
VS.                          §
                             §     NO. 2:19-CR-69-Z (01)
EFRAIN HERNANDEZ ESPARZA     §

================================================================

TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE


OCTOBER 31, 2019

AMARILLO, TEXAS

================================================================


A-P-P-E-A-R-A-N-C-E-S


FOR THE GOVERNMENT:        MS. ANNA MARIE BELL
                           Assistant United States Attorney
                           500 South Taylor, LB 238
                           Amarillo, Texas  79101-2442


FOR THE DEFENDANT:         MR. ERIC SCOTT COATS
                           Assistant Federal Public Defender
                           500 S. Taylor, Suite 110
                           Amarillo, Texas  79101


COURT REPORTER:            MS. STACY MAYES MORRISON
                           Official Court Reporter
                           205 E. 5th, LB #F13263
                           Amarillo, Texas  79101
                           (806) 672-6219

Proceedings reported by mechanical stenography; transcript produced by computer.

VOLUME I (PAGES 1 - 27)

PROCEEDINGS FOR OCTOBER 31, 2019

|  | PAGE |
|---|---|
| CAPTION/APPEARANCES............................................... | 1 |
| INDEX.............................................................. | 2 |
| SENTENCING PROCEEDINGS............................................ | 4 |
| COURT ACCEPTS PLEA AGREEMENT...................................... | 6 |
| OVERVIEW ON ORDER OF OPERATION.................................... | 6 |
| PRESENTENCE REPORT................................................ | 7 |
| COURT'S TENTATIVE FINDING DEFENDANT'S & GOVERNMENT'S OBJECTION 1... | 8 |
| COURT'S FINAL FINDING DEFENDANT'S & GOVERNMENT'S OBJECTION 1....... | 9 |
| COURT'S TENTATIVE FINDING ON GOVERNMENT'S OBJECTION 2.............. | 9 |
| COURT'S FINAL FINDING ON GOVERNMENT'S OBJECTION 2................. | 10 |
| ACCEPTANCE OF RESPONSIBILITY...................................... | 11 |
| GOVERNMENT MOVES COURT TO GRANT ONE-LEVEL DEDUCTION/COURT GRANTS... | 11 |
| COURT ADOPTS FINDINGS AND CONCLUSIONS OF PSR/ADDENDUM............. | 11 |
| GUIDELINES CALCULATION............................................ | 12 |
| DEFENDANT'S SENTENCING ARGUMENT................................... | 13 |
| ALLOCATION OF THE DEFENDANT....................................... | 14 |
| PRONOUNCEMENT OF SENTENCE......................................... | 15 |
| SUPERVISED RELEASE CONDITIONS..................................... | 16 |
| COURT ORDERS OTHER SUPERVISED RELEASE CONDITIONS IMPOSED.......... | 18 |
| COURT'S STATEMENT OF REASONS...................................... | 18 |
| DEFENDANT'S REQUESTED MEDICAL TREATMENT RECOMMENDATION............ | 21 |
| COURT'S MEDICAL TREATMENT RECOMMENDATION......................... | 21 |

Stacy Mayes Morrison
Official Court Reporter

DEFENDANT'S REQUESTED VOCATIONAL/EDUCATION RECOMMENDATION.......... 22

COURT'S VOCATIONAL/EDUCATION RECOMMENDATION........................ 22

DEFENDANT'S REQUESTED FACILITY RECOMMENDATION..................... 23

COURT'S FACILITY RECOMMENDATION.................................. 23

GOVERNMENT MOVES REMAINING COUNTS DISMISSED/COURT GRANTS........... 24

RIGHT TO APPEAL................................................. 24

DEFENDANT REMANDED.............................................. 26

REPORTER'S CERTIFICATE.......................................... 27

PROCEEDINGS FOR OCTOBER 31, 2019

(The following took place in open court with the defendant present.)

THE COURT:  The Court turns on its microphone first.

The Court calls Criminal Action No. 2:19-CR-069-Z (01), the United States of America versus Efrain Hernandez Esparza, a/k/a "Tito," for sentencing.

Are the parties ready to proceed?

MS. BELL:  The United States is ready, Your Honor.

MR. COATS:  Eric Coats for the Defendant, and we're ready, Your Honor.

THE COURT:  Counsel for the United States is present.  Counsel for Defendant Efrain Hernandez Esparza is present.

Mr. Esparza, please acknowledge your presence in court today by stating your full name for the record.

THE DEFENDANT:  Efrain Hernandez Esparza.

THE COURT:  Thank you.  And you may be seated if you find that more comfortable.

Mr. Esparza, you appeared before United States Magistrate Judge Lee Ann Reno on July 12th, 2019, at which time you entered a plea of guilty to Counts Four and Five of the Indictment charging you with being a Convicted Felon in Possession of a Firearm, in violation of 18 U.S.C. Section 922(g)(1) and Section 924(a)(2); and Possession of a

Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. Section 924(c)(1)(A) and 924(c)(1)(A)(i).

On that date, Judge Reno found that your guilty plea was knowledgeable and voluntary and supported by an independent basis in fact containing each of the essential elements of the offense. You told Judge Reno that you understood the elements of the offense, agreed to the accuracy of the Factual Resumé, and admitted that you committed all essential elements of the offense.

Accordingly, on July 30, 2019, United States Senior District Judge Sidney Fitzwater entered an order accepting your plea and adjudging you guilty of the crimes alleged in Counts Four and Five of the Indictment.

This plea of guilty was entered pursuant to a written Plea Agreement, a written Factual Resumé, and written Plea Agreement Supplement, each filed with this Court on June 27, 2019.

And pursuant to Section 6B1.2(a) of the United States Sentencing Guidelines and Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, I have now reviewed the Plea Agreement, the Factual Resumé, the Indictment, Superseding Information and Indictment to which defendant pled guilty, and the undisputed facts set forth in the Presentence Report, and I thereby determine that the

remaining charges adequately reflect the seriousness of defendant's actual offense behavior, so that accepting the Plea Agreement will not undermine the statutory purposes of sentencing or the guidelines.

Therefore, consistent with Rule 11(c)(4) of the Federal Rules of Criminal Procedure, the Court accepts the Plea Agreement, and the judgment and sentence imposed here today will be consistent with it.

Counsel, just a brief overview on procedure, we'll follow the same order of operation. We'll take up the Presentence Report, any objections thereto. The Court will announce a tentative finding. Counsel will be given an opportunity to make any argument. The Court will enter a final finding or ruling on those Presentence Report objections.

The Court will then announce its guidelines calculation and then invite statements from Counsel, including character letters, any arguments as to the Section 3553(a) factors. Defendant will be allowed to enter a statement in the form of allocution if he so chooses, and then the Court will impose sentence.

After that is done, we will take up the written orders, the other terms of supervised release, the Notice of Appeal, and any recommendations on medical, educational, or residential concerns.

First, the Court turns to the Presentence Report and the Addendum.

Did the Government receive in a timely manner a copy of the Presentence Report?

MS. BELL:  Yes, Your Honor.

THE COURT:  Other than the written objections in Document No. 35, does the Government have any additional response or information to the PSR or the Addendum?

MS. BELL:  No, Your Honor.

THE COURT:  Does the Government adopt the uncontested facts and conclusions set forth in the PSR and the Addendum?

MS. BELL:  Yes, Your Honor.

THE COURT:  Defense Counsel, did you and your client receive in a timely manner a copy of the Presentence Report and the Addendum?

MR. COATS:  Yes, we did.

THE COURT:  And have you had an opportunity to review the Presentence Report and the Addendum with your client?

MR. COATS:  I have.

THE COURT:  And, given that opportunity, did you explain the Presentence Report and the Addendum to your client?

MR. COATS:  Yes, sir.

THE COURT:  And are you confident that your client understands both the Presentence Report and the Addendum?

MR. COATS:  Yes, sir.

THE COURT:  Other than the sole written objection in Document No. 34, does Defendant have any other objections to the information in the PSR or the Addendum?

MR. COATS:  No, Your Honor.

THE COURT:  Does the Defendant then adopt the uncontested facts and conclusions that remain in the Presentence Report and Addendum?

MR. COATS:  We do.

THE COURT:  The Court will now announce its tentative findings on those objections.

Pursuant to Section 6A1.3 of the Guidelines Manual, the Court will now notify the party of its tentative findings regarding Defendant's written objections and arguments set forth in Document No. 34, alongside the Government's written objections in Document No. 35, and the Addendum.

As the Court noted earlier, the parties will be accorded an adequate opportunity to respond with any information that's not cumulative of information already in the record.

The Court sustains Defendant's and Government's written Objection No. 1 to the four-level enhancement for possessing the firearm in connection with another felony

offense, as originally set forth in PSR Paragraphs 23, 27, 32, 85, and 98, but takes judicial notice of the fact that the U.S. Probation Officer has amended the PSR to remove the four-level enhancement under Section 2K2.1(b)(6)(B), as reflected in the Addendum.

Does the Government have any information responsive to this tentative finding that's not cumulative of information already in the record?

MS. BELL:  No, Your Honor.

THE COURT:  Does Defense Counsel have any information responsive to this tentative finding that's not cumulative of information in the record?

MR. COATS:  No, sir, Your Honor.

THE COURT:  The Court hereby adopts the tentative finding as to Defendant and Government's written Objections No. 1 as its final finding and does adopt those changes as reflected in the Addendum.

Second, the Court sustains Government's Objection No. 2, which argues that defendant should be assessed three criminal history points for the separate offense conduct set forth in PSR Paragraph 50, but takes judicial notice of the fact that the U.S. Probation Officer agrees with the Government's analysis and application of Section 4A1.2(a)(2), as reflected in the Addendum, which culminates in a total Criminal History Score of 22.

Does the Government have any information responsive to this tentative finding that's not cumulative of information already in the record?

MS. BELL:  No, Your Honor.

THE COURT:  Does the Defendant have any information or argument responsive to this tentative finding that's not cumulative of information already in the record?

MR. COATS:  No, Your Honor.  And I didn't state earlier, but Defendant did not have any objection to the Government's objection or the Addendum.  We --

THE COURT:  This is the rare instance where the Government and the Defense are in agreement on the objections on file.

MR. COATS:  We thought that was correct, Your Honor.

THE COURT:  Okay.  Understood.  The Court adopts its tentative finding as to Government's Objection No. 2 as its final finding.

The Court has now taken up the objections that were written.

Does Government or Defendant have any further responses, objections, or arguments relevant to the PSR and the Addendum?

MS. BELL:  No, Your Honor.

THE COURT:  Does the Defense?

MR. COATS:  No, Your Honor.

THE COURT:  The Court will now take up the section of the Presentence Report relevant to acceptance of responsibility.

Ms. Bell, pursuant to Section 3E1.1(b) of the Guidelines Manual, the defendant qualifies for a one-level deduction upon motion of the Government if he assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial.

Does the Government agree with the PSR that the defendant qualifies for this one-level deduction under Section 3E1.1(b)?

MS. BELL:  Yes, Your Honor.

THE COURT:  Does the Government so move this Court to grant the one-level deduction?

MS. BELL:  The Government so moves.

THE COURT:  The Court grants the Government's motion and thereby adopts that section of the PSR relevant to acceptance of responsibility, and the Court will apply the third point for acceptance of responsibility in this sentencing.

Having ruled on the parties' objections, the Court hereby adopts the findings and conclusions of the Presentence

Report and the Addendum in their entirety, and will now move to the guideline calculation.

This guideline calculation is pursuant to the applicable federal statutes and the 2018 Guidelines Manual, but before the Court announces those numbers and findings, the Court wants to take note of the statutory maximums relevant to this offense of conviction.

First, as noted in PSR Paragraph 89, Counts One, Two, and Three in the Indictment each carry a statutory maximum of twenty years' imprisonment and a statutory maximum fine of $1,000,000.

Additionally, as noted in PSR Paragraph 83, the maximum term of imprisonment for Count Four is ten years or 120 months, and the maximum count -- the maximum term of imprisonment for Count Five is life imprisonment, and Counts Four and Five carry with them a maximum fine of $250,000 each.  And, again, those are -- those statutory maximums are set forth in PSR Paragraphs 89 and 83.

But having considered the probation officer's calculations and conclusions set forth in the Presentence Report and the Addendum, and having sustained the objections to those documents, the Court now determines that the appropriate guideline calculations are as follows:  Total Offense Level of 17.  A Criminal History Category of VI.  An imprisonment range of 51 to 63 months for Count Four and

60 months for Count Five, to run consecutively to all other counts.  A supervised release range of one to three years for Count Four and two to five years for Count Five, and a fine range of $10,000 to $100,000.

Does the Government wish to enter any additional information or argument prior to the imposition of sentence?

MS. BELL:  No, Your Honor.

THE COURT:  Defense Counsel, I have received and reviewed written character statements from the following persons:  These were actually received yesterday.  Suzanne Stahl, who is a family friend, and Selden B. Hale, who is a lawyer and also a family friend.

Does Defense Counsel intend to present these character statements in the form of live testimony or any other written character statements?

MR. COATS:  No, Your Honor.

THE COURT:  The Court has considered those and will weigh those along with the Section 3553(a) factors.

Does Defense Counsel wish to enter any additional information or argument prior to the imposition of sentence?

MR. COATS:  Just brief argument, Your Honor.

THE COURT:  Please proceed.

MR. COATS:  Your Honor, I believe this was a thoughtfully-crafted plea bargain agreement, and it's unusual in that there are two -- two crimes and two sets of

punishment, which must run consecutive, reflecting one gun, but I do know that the Government Counsel put thought into that and had reasonable, rational reasons for that, and I believe we came to a plea bargain that fairly accounted for the defendant's conduct.  I believe it achieves a fair result, Your Honor.

THE COURT:  Thank you, Counselor.  Mr. Esparza, you have the right to allocute prior to the imposition of sentence, but you may not be required to do so.

Do you wish to speak to the Court or add any argument or information prior to the imposition of sentence?

THE DEFENDANT:  No, sir.

THE COURT:  The Court will -- oh, I'm sorry.  I saw a nodding of the head, and I thought it signaled no.

(Attorney/client sotto-voce conference.)

THE DEFENDANT:  Oh, okay.  Yeah, yeah.

MR. COATS:  He didn't understand allocution.

THE COURT:  I apologize if I was unclear.  Mr. Esparza, please proceed, and the Court will take your allocution now.

THE DEFENDANT:  Your Honor, I just want to apologize to the Court and my family for my actions, and I plan on using this time to better myself as soon as I get down there, taking substance abuse treatment classes and self-help classes and also plan on getting a few trades.

That way, when I get out, I can properly start a career and put my part in the community, you know.  That's it.  That's all I got.

THE COURT:  Thank you, sir.  Does Counsel for the Government know of any reason why the Court should not impose sentence at this time?

MS. BELL:  No, Your Honor.

THE COURT:  Does Counsel for the Defendant know of any reason why the Court should not impose sentence at this time?

MR. COATS:  No, Your Honor.

THE COURT:  Having considered the factors set forth in 18 U.S.C. Section 3553(a), the advisory sentencing guidelines, the conduct admitted in the Factual Resumé, and the Presentence Report, it is the judgment of the Court that the defendant, Efrain Hernandez Esparza, is committed to the custody of the Federal Bureau of Prisons for a period of 63 months for Count Four and a consecutive 60 months on Count Five, for a total term of imprisonment of 123 months.

The Court does not order a fine, because the defendant lacks the financial resources or future earning capacity to pay a fine.

The Court does order two mandatory special assessments of $100 for Count Four and another for Count Five, which is due and payable immediately.

And this sentence shall run consecutively to any future sentences that may be imposed in Randall and Potter County, Texas for Case No. 67,633-E, Evading Arrest or Detention; Case No. 67,890-E, Evading Arrest of Detention with Vehicle; and Case No. 24667B, Burglary of a Building.

These cases are for parole violations -- or parole revocations, and they are unrelated to the instant offense.

Regarding forfeiture, pursuant to 18, United States Code, Section 924(d) and 28, United States Code, Section 2461(c), and subject to the provisions of 21, United States Code, Section 853(n), it is hereby ordered that defendant's interest in the following property is condemned and forfeited to the United States:  One Kel-Tec, Sub 2000, semiautomatic rifle, Serial No. F5957, including any ammunition, magazines, and/or firearm accessories recovered.

Regarding supervised release, the Court further orders that, upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years for Count Four and three years for Count Five, to run concurrently.

While on supervised release, defendant shall comply with the standard conditions recommended by the United States Sentencing Commission and shall comply with the other terms of supervised release set forth in the written Order Setting Other Terms of Supervised Release.

Defense Counsel, did you receive in a timely fashion a copy of the written Order Setting Other Terms of Supervised Release?

MR. COATS:  Your Honor, I -- I don't know that I did get that.

THE COURT:  Okay.  The Court has a copy.  We will briefly recess to allow you an opportunity to review and explain those terms of supervised release to your client.

MR. COATS:  Okay.

**(Attorney/client sotto-voce conference.)**

THE COURT:  The Court is back on the record.

Defense Counsel, have you had an opportunity to review the Order Setting Other Terms of Supervised Release?

MR. COATS:  I have, Your Honor.

THE COURT:  And did you have an opportunity to explain those other terms of supervised release to your client?

MR. COATS:  Yes, sir, I did.

THE COURT:  And are you confident that your client understands those other terms of supervised release and has competently waived his right to have those read in open court?

MR. COATS:  Yes, sir.

THE COURT:  The Court is in receipt of a written Order Setting Other Terms of Supervised Release.  It is

signed by the defendant and Defense Counsel.  Defendant's signature indicates his receipt of the other terms of supervised release, his understanding of those other terms of supervised release, his waiver of the right to have those read aloud at sentencing, his agreement to be bound by those terms, subject to revocation for any violation thereof.

The written order is signed by the Court, dated October 31, 2019.  It is made a part of the record in this case and in the record on appeal.

And the Court hereby orders the other conditions imposed as stated in the written order.

The Court will now state its reasons for imposing sentence.

This sentence is sufficient, but not greater than necessary, to comply with the statutory purposes set forth in 18 U.S.C. Section 3553(a), specifically:

First, the history and characteristics of the defendant, a member of the West Texas Tangos prison gang, who amassed violent and drug-related criminal offenses, including Burglary, Unauthorized Use of a Motor Vehicle, Evading Arrest, Fraudulent Possession of Identifying Information, Possession of a Controlled Substance with Intent to Deliver and a Deadly Weapon Enhancement for a 9-millimeter handgun, and, finally, Cruelty to Animals for shooting a cat in the presence of small children;

Second, the seriousness of the offense, which involved the defendant, a wanted fugitive, who refused law enforcement's command to show his hands and exit the vehicle, who was forced out of the vehicle and found with 3.837 grams of Ice methamphetamine, a wallet belonging to another person, a Kel-Tec, Sub 2000, semiautomatic rifle, with a loaded 29-round magazine and plus-2 extension, that law enforcement recovered from defendant's backpack;

Third, to afford adequate deterrence to criminal conduct where the PSR reflects that the defendant has admitted to multiple drug-related offenses and failed to comply with supervised release, failed to report as instructed, failed to pay fees and restitution, failed to complete community service hours, and committed a new crime on probation;

Fourth, to protect the public from future crimes of the defendant, who continues to claim association with a dangerous gang and sells narcotics to the public, endangering law enforcement and other people's lives by possessing a firearm with a high-capacity magazine, all while on probation.

Finally, as required by 18 U.S.C. Section 3553(c), the Court states that it did not order restitution, because, while the Title 18 offense of conviction mandates restitution, no restitution claims have been made as of this

date, and there is no victim other than society at large.

The Court has stated its sentence and its reasons therefor.

Does the Government have any objections to the sentence as stated?

**MS. BELL**:  No, Your Honor.

**THE COURT**:  Does the Defendant have any objections to the sentence as stated?

**MR. COATS**:  No, sir, Your Honor.

**THE COURT**:  The Court hereby orders the sentence imposed as stated.

Finally, even if the correct guidelines range was not considered, the Court would have imposed the same sentence had it made -- had it not made the error, and it would have done so for the same reasons given during the sentencing hearing, regardless of the applicable guideline range.

The Court will now take up medical, educational, and residential concerns.  We will start with the medical.

Defense Counsel, in the PSR Paragraphs 67 through 73, defendant has reported a long history of addiction to methamphetamine, marijuana, cocaine, opiates, and other drugs, but states that he has never participated in a substance abuse treatment program.

Does Defense Counsel have a recommendation to this

Court on substance abuse treatment?

**MR. COATS**:  I do, Your Honor.

**THE COURT**:  Please proceed.

**MR. COATS**:  I do recommend that Mr. Esparza enter treatment.  Mr. Esparza has indicated to me that he desires that treatment, and he believes that's why he has not been able to be successful when he has been released previously, and especially this last time.  The drug habit, along with folks he's associated with, always seems to pop up and get him back in trouble, and he would like to change that.

**THE COURT**:  Thank you, Counselor.  And the Court does take judicial notice of the fact that the PSR does seem to reflect that defendant's use and addiction is often a motivating factor for some of these offenses.

Does the Government object to a recommendation on treatment as long as it is consistent with his eligibility and security classification?

**MS. BELL**:  No objection, Your Honor.

**THE COURT**:  The Court does recommend that the defendant be allowed to participate in an initial medical evaluation, that he be allowed to participate in any substance abuse treatment and rehabilitation programs that are deemed consistent with his security classification, if deemed eligible by the Bureau of Prisons who makes those determinations.

Regarding vocational and educational concerns, does Defense Counsel have any recommendations as to education programs or any vocational training?

MR. COATS:  Yes.  In the PSR, it's reflected that Mr. Esparza would like training in HVAC if that's possible. He's looking at a job or has family that would have a job for him when he got out, but also he's shown an interest in welding, so he believes either one of those would be a good career for him in the future.

THE COURT:  Does the Government object to a recommendation that defendant be allowed to participate in vocational and educational programs, potentially HVAC, mechanical, or welding, if it's consistent with his eligibility and security classification?

MS. BELL:  No objection, Your Honor.

THE COURT:  The Court does recommend that the Defendant be allowed to participate in educational and vocational training, including HVAC, mechanical, and welding if it is deemed consistent with his security classification as determined by the Federal Bureau of Prisons and it's consistent with his eligibility for those programs.

The Court also takes judicial notice of PSR paragraphs reflecting a GED and profound intelligence and ability to work through these trades.

Finally, Defense Counsel, do you make any

recommendation to this Court as to a particular Federal Bureau of Prisons facility?

MR. COATS:  Your Honor, my client was thinking the Singleton [*sic*] Unit near Fort Worth if that -- if that would be acceptable.  He would like to stay close to this area.

However, he does have some concerns about some of the units further south.  He is trying to avoid past associations, and he does know of -- that some of those units are populated by folks that were in gangs that he wants to avoid.

THE COURT:  Does the Government have any objection to a recommendation that defendant be allowed to serve his term of imprisonment at the Singleton Unit or a more general recommendation that he be allowed to serve his term of imprisonment at a facility that doesn't have the gang problem referenced in the PSR?

MS. BELL:  Your Honor, I guess my recommendation would be that he not serve his sentence in a prison that has a high population of that particular prison gang, West Texas --

THE COURT:  West Tango.  The Court does recommend that the defendant be housed in a Federal Bureau of Prisons facility in the Northern District of Texas, if possible the FCI Singleton Unit, if it is consistent with his security classification if he is deemed eligible by the Bureau of

Prisons.

And the Court takes judicial notice of the defendant's desire to be removed from the West Tango gang and any affiliates therewith.

Ms. Bell, pursuant to Paragraph 9 of the Plea Agreement and Page 1 of the PSR, does the Government have any pending indictments or charges that it intends to dismiss as to this defendant only?

**MS. BELL**:  Your Honor, the Government moves to dismiss the remaining counts of the Indictment as to this defendant only.

**THE COURT**:  The Court grants the Government's motion and will now address the remaining rights of appeal.

Mr. Esparza, pursuant to Paragraph 12 of the Plea Agreement, you have waived the right to appeal the sentence or contest same in a collateral proceeding with four exceptions:  You may directly appeal an arithmetic error at sentencing.  Directly appeal a sentence exceeding the statutory maximum.  You may challenge the voluntariness of your guilty plea.  And you may claim ineffective assistance of counsel.

These rights are explained in the written Notice of Right to Appeal.

Counselor, did you receive a written copy of the Notice of Right to Appeal?

MR. COATS:  I did, Your Honor.

THE COURT:  And have you had an opportunity to review the notice?

MR. COATS:  We have.  May I make sure --

THE COURT:  Yes, please.

MR. COATS:  -- if Mr. Esparza has any questions?

THE COURT:  Please take as much time as necessary to explain the notice,

**(Attorney/client sotto-voce conference.)**

MR. COATS:  Yes, Your Honor, he does understand.

THE COURT:  Okay.  And you're confident that your client understands his remaining appellate rights as set forth in the written notice?

MR. COATS:  Yes, sir.

THE COURT:  If you will affix your signature and the signature of your client, you may present the executed copy to the Court for entry into the record in this case and any record on appeal.

Has the Government had an opportunity to review the notice?

MS. BELL:  Yes, Your Honor.

THE COURT:  And does the Government have any objections to the Notice of Right to Appeal as it is written?

MS. BELL:  No, Your Honor.

THE COURT:  The notice is dated October 31, 2019.

It is signed by the Court.

This notice explains your remaining appellate rights, but does not constitute the Notice of Appeal that must be filed with the United States Court of Appeals within the 14-day period previously noted and discussed in that order.

Mr. Esparza, if you do decide to appeal, you have the right to apply for leave to appeal in forma pauperis. This means an appeal at no cost to yourself, but at a cost to the Government, if you are unable to pay the costs of appeal.

And, again, as set forth in that notice, your Notice of Appeal must be filed within 14 days of the date judgment is entered in this case or within 14 days of the Government's appeal.

Is there anything further from the Government?

**MS. BELL**:  No, Your Honor.

**THE COURT**:  Is there anything further from the Defendant?

**MR. COATS**:  No, sir, Your Honor.

**THE COURT**:  Mr. Esparza, you are hereby remanded into the custody of the United States Marshal, and we are adjourned in this case, and we are adjourned for the remainder of the day.

**COURT SECURITY OFFICER**:  All rise.

**(End of Sentencing Proceedings for 10/31/2019.)**

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that the transcript fees format comply with those prescribed by the Court and the Judicial Conference of the United States.


s/Stacy Mayes Morrison          6/22/2020
Stacy Mayes Morrison            Date
Official Court Reporter